U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED AND FILED

SEP 14 2026

JENNIFER P. LYONS. CLERK

BY______________________
DEPUTY CLERK

**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MAINE; AT PORTLAND**

| | | |
|---|---|---|
| Ryan D. Mumme, Plaintiff | ( | |
| | ( | |
| vs | ( | Case No.______________ |
| | ( | |
| USA, Defendant | ( | |

**<u>Federal Question Complaint; Court's Deliberate, Excessive, Arbitrary Restraint On Plaintiff's Freedom</u>**

Comes now Plaintiff, pro se, in forma pauperis, in the above, captioned matter; complaining to this Court as follows – to wit:

**<u>Questions Presented</u>**

1. Whether, in fact, it's ever reasonable for a court to impose a life sentence on an individual, for a single-count, non-violent, first-offence transgression; after the initial sentence is served.

2. Whether, in fact, a sentence of court-ordered, constantly monitored, life-time supervision is a life sentence.

3. Whether – given the language of the suggested, Federal Sentencing Commission Guidelines (US v Booker, 543 US 220 (2025)), court-

ordered, constantly monitored, lifetime supervision of a released, single-count, first-offence, non-violent, federal inmate, constitutes a life sentence, and as such, is thus rendered unconstitutional as being both arbitrary and excessive – additionally providing, as it does, for no benefit of review, future release, commutation, or parole; thus constituting reversible, procedural error.

4. Whether, in fact, the facts below are the only fact issues rightly now to be put before this jury.

## Venue

5. Venue in this case rests at the US Federal District Court For The District Of Maine; at Portland.

## Jurisdiction

6. This Court's federal question jurisdiction rests here with Article III, Section 2, of the US Constitution, and in both 28 USC 1331, and 28 USC 1346.

## Parties

7. The Parties to this action remain pro se Plaintiff, Ryan D. Mumme, and Defendant USA.

## Background; Life Sentence

8. On December 14, 2007, Plaintiff was indicted – and afterward sentenced, for a single-count, non-violent, first-offence crime; serving a 96 month confinement in consequence – with an added sentence of life-time, court-ordered, constant federal supervision upon release.

## Facts

9. The sentencing court admittedly proceeded pursuant to the Federal Sentencing Commission's Guidelines, but those same Guidelines nowhere raise the possibility for a life sentence; for the commission of a first-offence, single-count, non-violent crime.

10. Plaintiff – in the Federal District Court For The District Of Maine, at Bangor, was sentenced to federal prison, served his 96 month term of physical confinement, and was afterward released pursuant to the court-ordered, added sentence of lifetime supervision, by the court's Probation and Pretrial Services.

11. On ineffective advice of court-appointed counsel, Plaintiff pleaded guilty to a single – count, non-violent, first offence transgression, completed his 96 month sentence of confinement, and was then additionally sentenced, by the Court, to complete, lifetime, court-ordered, supervision and control, by the Court's Probation And Pretrial Services.

12. The legal definition for confinement is, 'The act of imprisoning or restraining someone; the state of being imprisoned or restrained.' Black's 7th.

13. The legal definition for restraint is, 'Confinement, abridgment, or limitation.' Black's 7th.

14. Here, in view of the language of our Constitution's Fifth Amendment, the legal definition of the word abridge is, 'To reduce or diminish one's civil liberties'. Black's 7th.

15. Imprisonment is defined as, 'the state of being confined'; a period of confinement. Black's.

16. The court has neither constitutional, nor statutory, authority to impose a life-time sentence, on a single-count, non-violent, first time offender.

17. Since the 2005 'Booker' decision, the frequency in which sentences are imposed, that exceed the range stated in the same Guidelines, has doubled.

18. Plaintiff was not found by the Court to be a violent, repeat offender.

19. Plaintiff's complaint-in-chief here has only to do with Plaintiff's arbitrary, unjust, court-ordered, lifetime sentence – one handed down for a single-count, non-violent, first-offence transgression; one to be challenged in a separate complaint.

20. Plaintiff further alleges, since his release, he cannot find either gainful employment, or permanent housing – because of his life-time sentence, and so currently relies on his parents for his support. Plaintiff currently lives in a motel, and remains unemployed.

## Argument

### Arbitrary Restraint On Freedom; Want Of Fair Notice

21. A sentence of lifetime supervision, for a single-count, first-offence, non-violent individual, is an unwarranted, functional life sentence – constituting an arbitrary restraint on one's freedom; again, a sentence with no opportunity for review, future release, commutation, or parole.

22. Constantly monitored supervision for life is a life sentence. It is one bearing serious consequences for any violation of its terms; including that of an immediate return to prison.

23. Again, this same, life-time, court-ordered sentence, of constant, court supervision, plainly constitutes a life sentence – one currently reserved, by suggested, Federal Sentencing Commission Guidelines,

solely for violent, repeat offenders; not for those – as this Plaintiff, found guilty of a single-count, non-violent, first offence.

24. The Federal District Court, For The District of Maine, at Bangor, did deprive this Plaintiff of his civil liberty; by sentencing Plaintiff to a term of imprisonment to include monitored, lifetime supervision by the court, upon his release – with no opportunity added for review, future release, commutation, or parole; a life sentence reserved, instead, by adoption of the suggested, Federal Sentencing Commission Guidelines, to those convicted solely of violent, repeat, federal offences.

25. The suggested, Federal Sentencing Commission Guidelines, by adoption, nowhere in their text remain as restraints on freedom as to Plaintiff, and the court's order is thus rendered – as to him, in consequence, unconstitutional, ab initio; being void for vagueness as to both the court's failure of fair notice, and imposed, arbitrary, lifetime restraint on Plaintiff's freedom.

26. Plaintiff further alleges consideration of the nature of Plaintiff's one-count, non-violent, first offence crime is both totally irrelevant and immaterial in this matter; thus the Plaintiff's life sentence is here the sole, relevant, matter for a jury to decide.

27. Plaintiff further alleges the Bangor Federal District Court additionally violated the Constitution's 8th Amendment proscriptions by its arbitrary, added, excessive life sentence, to Plaintiff's same, non-violent, one-count, first-offence, served sentence.

**Conclusion**

28. Given all the foregoing facts and argument, Plaintiff – having served the court's mandatory, 96 month sentence, must be immediately released from the court's same, erroneous, arbitrarily-imposed, life-time sentence of supervision.

**Demand For Both 7th Amendment Trial By Jury, and 6th Amendment Court - Appointment Of Counsel**

29. Pro se, in forma pauperis Plaintiff hereby demands both a trial by jury, and court-appointment of counsel; in this same matter; for all cause herein shown.

**Damages**

**For The Deliberate, Life-Time, Arbitrary Restraint On Plaintiff's Freedom**

30. Plaintiff further alleges, given Plaintiff's arbitrary, excessive, court-ordered, life sentence, the United States, in consequence – for all